UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

Plaintiff/Respondent,

v.  **CIV. NO. 04-1026 WJ/ACT**
    **CR. NO. 03-244 WJ**

**MARVIN COBB**,

Defendant/Movant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS

## AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court upon Defendant Marvin Cobb's ("Cobb") Motion Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed September 10, 2004. Docket No. 1. The District Judge referred this matter to the Magistrate Judge Alan C. Torgerson for proposed findings and recommended disposition, and hearing if necessary. Docket No. 4. Cobb asserts that his counsel was ineffective and his guilty plea was involuntary. Having reviewed the Response of the Government, Cobb's Reply and all the Exhibits attached to the Motion, Response and Reply, relevant law, and being otherwise fully advised, the Court finds the Motion should be denied. Because the issues are resolved on the pleadings, and the record establishes conclusively that Cobb is not entitled to relief, an evidentiary hearing is not necessary. 28 U.S.C. §2255; *Trice v. Ward* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied*, 531 U.S. 835 (2000).

### PROPOSED FINDINGS

Factual and Procedural Background.

1. On November 21, 2002, Cobb drove into the United States Border Patrol checkpoint

on New Mexico Highway 70, Otero County, New Mexico. He was the sole occupant of the car and stated he was traveling to Ruidoso, New Mexico to gamble. Pursuant to a consensual search of his truck, agents discovered five (5) duffle bags filled with marijuana. The total weight of the marijuana was 120.88 kilograms. On November 22, 2002, a criminal complaint was filed charging Cobb with violating 21 U.S.C. § 841, Possession with Intent to Distribute Marijuana. On February 10, 2003, Cobb entered a guilty plea.

2.      On February 10, 2003, Cobb entered a guilty plea and Robert R. Harris ("Harris") represented Cobb at the plea hearing.

3.      On December 4, 2003, James W. Klipstine, Jr. ("Klipstine") represented Cobb at a sentencing hearing. Cobb was sentenced to the statutorily mandated minimum sentence of sixty months incarceration and four (4) years of supervised release. Judgment was entered against Cobb on December 12, 2003. Cobb did not file an appeal.

4.      Cobb was previously convicted of Possession with Intent to Distribute More than 100 Pounds of Marijuana in New Mexico State Court in 1999.

<u>Assistance of counsel</u>.

5.      Cobb asserts that his counsel was ineffective in not arguing that Cobb's mental condition was a mitigating factor and should reduce his sentence. To prove ineffective assistance of counsel, Cobb must show that his attorney's performance was constitutionally inadequate and that his attorney's constitutionally ineffective performance prejudiced him; i.e., caused him to plead guilty instead of going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Counsel's performance is deficient if it "falls below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). Prejudice is "a reasonable probability that, but for counsel's unprofessional

2

errors, the result of the proceeding would have been different." *Id*. at 694.  Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.  The ultimate inquiry in a claim for ineffective assistance of counsel focuses on the fundamental fairness of the proceeding.  *Id.*

6. Cobb asserts that his counsel was deficient in failing to move for a downward departure on the grounds of diminished capacity.  A downward departure based on § 5K2.13 is in the complete discretion of the trial court and is not warranted unless the defendant establishes by a preponderance of the evidence that: (1) he committed the offense while suffering from a significantly reduced mental capacity; (2) his reduced mental capacity was not caused by the voluntary use of intoxicants; (3) there was a direct causal connection between such mental capacity and the defendant's commission of the offense; and (4) the defendant's criminal history does not indicate that incarceration is necessary to protect the public.  U.S.S.G. § 5K2.13; *United States v. Eagan*, 965 F.2d 887, 893 (10th Cir. 1992).

7. At sentencing Klipstine argued that Defendant's prior felony conviction was invalid and asked the Court to consider Cobb's psychological condition based on information in the pre-sentence report as reason for a reduction in the sentence.  The record also demonstrates that Klipstine was concerned about invalidating the plea agreement by filing a motion for a downward departure. The plea agreement signed by Cobb specifically states that:

> The defendant recognizes that this plea agreement has already conferred a benefit upon him and that no downward departure from the applicable sentencing guideline range is appropriate.  Consequently, in return for the benefit conferred on the defendant by entering into this agreement, the defendant agrees that he will not seek a downward departure from the applicable sentencing guidelines range as determined by the court after resolution of any objections by either party to the presentence report to be prepared in this case.  If the defendant, in violation of this paragraph, should nevertheless seek a downward departure, the United States shall have the right to treat this plea agreement as null and void and to

proceed to trial on all charges before the court.

Plea agreement, February 10, 2003, Docket No. 17.

8. If Klipstine had pursued the downward departure issue more forcefully the government may have treated the plea as null and void and Cobb would have had to go to trial.

9. Furthermore, the record demonstrates that Cobb argued on his own behalf that he was "suffering from panic attacks about a week and half to two weeks prior..." The District Judge who imposed the sentence considered Cobb's presentence report including the information regarding his medical history. Defendant's Exhibit, 1, p. 6-7. The record indicates that the District Judge considered and rejected the diminished capacity argument. *Id*. at p. 3 and 6-7; *United States v. Rael*, 1995 U.S. App. LEXIS 16571, No. 95-1011 (10th Cir., July 6, 1995) (Confidence in the reliability of the proceeding was not undermined where the district court was adequately advised of the relevant mitigating factors.)

10. Finally, there is nothing in the record, except Cobb's statements at sentencing and his conclusory allegations in his petition to show, that he suffered from diminished capacity at the time of his crime or that this alleged diminished capacity contributed to his commission of the crime as required by the sentencing guidelines. U.S.S.G. § 5K2.13.

11. Cobb has failed to show that his counsel's performance was deficient or that but for counsel's alleged unreasonable conduct, he would have been entitled to a downward departure for diminished mental capacity.

12. Cobb also alleges that his attorney never investigated his medical history or considered a psychological defense prior to Cobb signing the plea agreement. Cobb also asserts that Harris only spent twenty (20) minutes with him prior to the plea hearing. In an affidavit, Harris states that he:

4

>   was aware of Mr. Cobb's past mental records and Mr. Cobb and myself discussed his mental conditions on several occasions. After reviewing all the Discovery with Mr. Cobb, it is my opinion that the mental defense would not be a successful defense and if we did not accept the offer that was made, Mr. Cobb faced a very good chance of an enhanced sentence. I explained to Mr. Cobb the dangers of an enhancement where he would receive a ten year mandatory sentence if convicted. Response, Exhibit 3.

Moreover, Cobb failed to show that the performance of Harris prejudiced his defense. *Strickland*, 266 U.S. at 668. The record does not demonstrate that he would have insisted on going to trial or would have withdrawn his guilty plea but for the alleged deficiencies of counsel. To the contrary, at the plea hearing, after signing the plea agreement, Cobb again pled guilty. Response, Exhibit 2, p. 14. Cobb specifically acknowledged that by agreeing to a plea he would be given the benefits of a reduction of three points and that is all he bargained for in agreeing to plead guilty. *Id.* at p. 8-9. At the sentencing hearing Cobb was permitted to address the Court prior to his sentencing. Response, Exhibit 2, p. 6. Cobb did not state or indicate he wanted to go to trial or that he wanted to withdraw his plea. *Id.* at 6-7.

### Validity of the Guilty Plea.

13.     Cobb asserts that his plea was involuntary. A guilty plea must be shown to be intelligent and voluntary before the court will accept it. *Boykin v. Alabama*, 395 U.S. 238 (1969). Fed.R.Crim.P.11(b)(1)(G) provides that, prior to accepting a guilty plea, the court must inform the defendant of the nature of the charge to which the plea is offered. Fed.R.Crim.P. 11 (b)(3) requires that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."

14.     It is clear from a review of the record that Cobb's plea was voluntarily and intelligently given and thus was constitutionally valid. *Bousley v. United States*, 523 U.S. 614, 618 (1998). Cobb

signed the plea agreement and in signing represented that his guilty plea was "freely and voluntarily made and not the result of force or threats or promises apart from those set forth in the plea agreement." Plea Agreement, p. 6. In signing, Cobb also affirmed that "I have read this agreement and carefully reviewed every part of it with my attorney. I understand the agreement and voluntarily sign it." *Id.* at 10. Cobb also acknowledged that he signed the plea agreement and that he understand it at his plea hearing, Response, Exhibit 2, p. 8.

15.     The plea agreement itself states that Cobb had a right to plead not guilty, to have a trial by jury, to confront and cross-examine witnesses and to call witnesses in his defense and to not be compelled to incriminate himself. *Id*. at 1. The agreement states that Cobb has agreed to waive these rights and plead guilty to "one (1) count information to be filed charging violation of Title 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841 (b)(1)(B) and 18 U.S.C. § 2, that being possession with intent to distribute more than 100 kilograms of marijuana and aiding and abetting." *Id*. at 2. The agreement sets forth the maximum penalties Cobb faced and also states that the final sentencing range and guidelines level and the actual sentence imposed would be determined by the Court. *Id*. at 2-3. These issues were also discussed with Cobb at the plea hearing. Response, Exhibit 2, p. 11-12.

16.     At the plea hearing, Cobb stated that he had reviewed the information and plea agreement with his attorney. Response, Exhibit 2, p. 7-9. Cobb also was asked whether he was satisfied with the representation he received from his attorney and he replied, "[y]es your Honor" and stated he had no complaints regarding his attorney. *Id*. at 6. Moreover, the Court specifically pointed out to Cobb that "the sentence that will be imposed is in the discretion of the sentencing court" and "...that the actual sentence imposed depends on the presentence report and the sentencing guidelines." *Id.* at 10.

6

17. At the conclusion of the plea hearing, the Court found that Cobb was "competent and capable of entering an informed plea, he's aware of the nature of the charge and the consequences of his plea, his plea is knowingly made, it's voluntary, and its supported by an independent basis in fact." *Id.* at 14-15.

18. Cobb's allegation that his guilty plea was involuntary is self-serving, conclusory and not supported by the record. This is true particularly in light of the statements made in open court by Cobb at the plea hearing. *Lasiter v. Thomas*, 89 F.3d 699, 702 (10th Cir. 1996) ("[R]epresentations of the defendant...as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal..."); *United States v. Alvarez,* 29 Fed. Appx. 497, 2002 U.S. App. LEXIS 99 (10th Cir. 2002) (unpublished) (conclusory allegations...are simply insufficient to overcome his statements in open court during the plea hearing that he knowingly and voluntarily executing the guilty plea and waiver of rights.).

## RECOMMENDED DISPOSITION

I recommend that the Cobb's Motion Pursuant to 28 U.S.C. §2255 to Vacate, Set Aside, or Correction by a Person in Federal Custody filed September 10, 2004 be **DISMISSED.**

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendation with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102. A party must file any objections within the ten day period allowed if that

party wants to have appellate review of the proposed findings and recommendation. If no objections are filed, no appellate review will be allowed.

                                              **ALAN C. TORGERSON**
                                              **UNITED STATES MAGISTRATE JUDGE**